## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**WILLIAM A. GOLSBOROUGH,**

 *Plaintiff*,

**v.**

**NEWPARK DRILLING FLUIDS, LLC,**

 *Defendant.*

**No.**

### ORIGINAL CLASS ACTION COMPLAINT

William A. Goldsborough ("Plaintiff") files this Class Action Complaint ("Complaint") against Newpark Drilling Fluids, LLC ("Defendant"):

### NATURE OF THIS LAWSUIT

1. Plaintiff brings this opt-out Rule 23 class action against Defendant brought pursuant to the New Mexico Minimum Wage Act, N.M. Stat. Ann. §50-4-19, *et seq*. ("NMMWA") and Federal Rule of Civil Procedure 23.

2. Defendant is a company that provides drilling fluids products and drilling fluid services to wells located in New Mexico and the Permian Basin.

3. To provide these products and services, Defendant employed Plaintiff and other "Mud Engineers."

4. The term "Mud Engineers" refers collectively to individuals employed by Defendant that were referred to under the following job titles: Drilling Fluid Specialist, Fluid Service Technician, and Mud Engineer, including all levels.

1

5. Defendant requires all Mud Engineers to work long hours in the field—well over 40 hours a week—performing manual and technical labor at customer job sites.

6. The manual job duties primarily performed by Mud Engineers include operating oilfield equipment, controlling drilling fluids within defined specifications, avoiding spilling of drilling fluids, completing drilling fluid reports associated with the drilling and completion of wells, and similar manual and technical labor job duties (collectively, "Mud Work").

7. Mud Engineers, including Plaintiff, work in locations away from their principal place of residence.

8. Defendant requires Mud Engineers to work over 40 hours per workweek.

9. Since 2011, Defendant has classified some of its Mud Engineers as W-2 employees and paid them on a salary basis.[1]

10. Since 2011, Defendant has classified other Mud Engineers, including Plaintiff, as 1099 independent contractors and paid them on a day rate basis.[2]

11. Defendant's Mud Engineers—regardless of whether they are classified as independent contractors or employees—perform the same basic job duties while working the same hours in the same or similar work locations.

---

[1] See e.g. Davida v. Newpark Drilling Fluids, LLC, No. SA-14-CA-552-HJB, 2015 WL 13652730, at *1 (W.D. Tex. Jan. 6, 2015) (granting notice to "Fluid Service Technicians" misclassified as exempt in FLSA collective action).

[2] Plaintiff's claim is based on his second period of employment with Defendant. Defendant had previously misclassified Plaintiff as an independent contractor during his employment with Defendant from approximately 2011 to 2013.

12. Defendant paid Mud Engineers classified as independent contractors a day rate.

13. Defendant regularly required Mud Engineers classified as independent contractors to work over 40 hours per week.

14. Defendant subjected Mud Engineers paid on a salary basis to its "OT Misclassification Policy" that paid them on a day rate basis and denied them overtime for all hours worked over 40 per workweek.

15. In fact, Defendant classified these Mud Engineers as independent contractors, rather than employees, despite Defendant (1) exercising control over nearly every aspect of their work; (2) making relative investments that significantly outweighed those made by Mud Engineers, if any; (3) determining their opportunity for profit or loss; (4) employing Mud Engineers as independent contractors that possess no skill or initiative as an independent contractor that differs or is greater than Mud Engineers; (5) often employing Mud Engineers, including the Plaintiff,[3] on a 1099 basis for multiple years; and (6) having Mud Engineers perform work that is an integral part of Defendant's business.

16. Because Defendant treated Mud Engineers classified as "independent contractors" as employees and unilaterally determined the pay practices applied to them, Defendant violated the NMMWA by failing to pay Mud Engineers, classified as independent contractors, overtime when they worked over 40 hours per week in New Mexico.

---

[3] See e.g. n. 2, supra.

## JURISDICTION AND VENUE

17. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because the case involves over 100 class members; the class members' claims excess $5,000,000 in the aggregate, exclusive of costs or interest; and at least one of the putative plaintiffs is from a different state than the Defendant.

18. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District. Specifically, Plaintiff's NMMWA claims arose exclusively based on his work in this District.

## THE PARTIES

19. Plaintiff worked for Defendant as a Mud Engineer in New Mexico from February 2017 to June 2017.

20. Plaintiff worked over 100 hours per week in at least 10 workweeks in New Mexico while working for Defendant as a Mud Engineer during the time period from February 2017 to June 2017.

21. From February 2017 to June 2017, Defendant required Plaintiff to perform his work as a Mud Engineer exclusively at well sites in New Mexico and did not require Plaintiff to perform work at a well site in any other state.

22. From February 2017 to June 2017, Defendant required Plaintiff to work two-week hitches: Plaintiff would work two weeks and then would be off for two weeks.

23. During Plaintiff's two-weeks on from February 2017 to June 2017, Plaintiff performed all of his work for Defendant as a Mud Engineer in New Mexico.

24. Defendant is a limited liability company doing business in New Mexico.

25. From February 2017 to June 2017, Defendant required Plaintiff to perform all of his work for Defendant at worksites in New Mexico.

26. Defendant's members are all Texas residents.

**FACTUAL ALLEGATIONS**

**Defendant requires Mud Engineers to perform similar work over similar hours at similar locations regardless of employment classification.**

27. Defendant has continuously conducted business in this District over the past three years.

28. Defendant has continuously conducted business in this District since it began paying Mud Engineers classified as independent contractors pursuant to the OT Misclassification Policy.

29. Regardless of classification, Defendant requires all Mud Engineers to work over 40 hours per week.

30. Regardless of classification, Defendant requires all Mud Engineers to primarily perform manual and technical labor at oilfield job sites.

31. Regardless of classification, Mud Engineers to primarily perform Mud Work.

32. Defendant classified and continues to classify some Mud Engineers as W-2 employees and pays them a salary or a salary plus a bonus.[4]

33. Defendant classified to classify other Mud Engineers, including Plaintiff, as independent contractors and pays them a day rate.

---

[4] http://bit.ly/DFSpecialistW2 (Defendant's website providing job description and opening for Drilling Fluid Specialist W-2 employee position) (last visited April 4, 2019).

5

34. Mud Engineers—regardless of whether Defendant classified them as employees or independent contractors—performed the same basic duties while working the same hours in the same or similar work locations.

35. Because all Mud Engineers are similarly situated, Defendant's treatment of the W-2 Mud Engineers is highly probative evidence that an employment relationship also exists between the 1099 Mud Engineers and Defendant.[5]

**Defendant Treats Independent Contractors as Employees**

36. The following allegations pertain exclusively to the claims made in this case, which are based on Plaintiff's work as a Mud Engineer classified as an independent contractor in New Mexico from February 2017 to June 2017.

37. During his employment, Plaintiff was an "employee" of Defendant as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

38. During his employment, Defendant was Plaintiff's "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

---

[5] Brock v. Superior Care, Inc., 840 F.2d 1054, 1059 (2d Cir. 1988) (concluding employer's treatment of taxed nurses, who performed same functions as nontaxed nurses, as employees, was "highly probative" in determining employment status of nontaxed nurses); Mitchell v. John R. Cowley & Bros., Inc., 292 F.2d 105, 107, 15 WH Cases 106 (5th Cir. 1961) (determining watchman performed same duties as he performed under predecessor employer that considered him employee); Hodgson v. Taylor, 439 F.2d 288, 19 WH Cases 982 (8th Cir. 1971) (concluding workers who loaded railroad cars at night performed identical duties to employees loading cars during day); Tobin v. Anthony-Williams Mfg. Co., 196 F.2d 547 (8th Cir. 1952) (observing employer admitted employees performed work identical to workers whom employer disclaimed as employees); Donovan v. Sureway Cleaners, 656 F.2d 1368, 1369–70 (9th Cir. 1981) (observing workers performed jobs integral to business and of same nature as at facilities where workers were admittedly employees).

39. Plaintiff worked for Defendant as a Mud Engineer in New Mexico from approximately February 2017 to June 2017.[6]

40. As a Mud Engineer, Plaintiff primarily performed Mud Work.

41. Defendant required Plaintiff to work over 100 hours in one or more individual workweeks in New Mexico.

42. Plaintiff worked over 100 hours in one or more individual workweeks in New Mexico.

43. Defendant classified Plaintiff as an independent contractor.

44. Defendant paid Plaintiff a day rate.

45. When Plaintiff worked over 40 hours, Defendant did not pay Plaintiff overtime at one and one-half times his regular rate of pay.

46. Instead of paying Plaintiff overtime for his regular overtime work, Defendant subjected Plaintiff to its "OT Misclassification Policy" that classified him as an independent contractor and paid him on a day rate without overtime basis.

## Control

47. Defendant controlled nearly aspect of Plaintiff's work by (1) determining Plaintiff's hours and schedules worked; (2) determining the locations he reported to and clients her worked for; (3) determining the scope of work and job duties to be performed

---

[6] Plaintiff's individual NMMWA claim is based exclusively on his work performed in New Mexico during this time period. Plaintiff, however, was also employed by Defendant as an "independent contractor" from 2011 to 2013. All of operative allegations in this complaint pertain exclusively to Plaintiff's employment from February 2017 to June 2017 unless specifically noted otherwise.

at each job; (4) determining the tools and materials to be used by Plaintiff; (5) determining method of payment and amount paid to Plaintiff; and (6) prohibiting Plaintiff from working on other jobsites while working on jobs for Defendant.

48. Defendant determined Plaintiff's hours and schedules worked.

49. Defendant order Plaintiff to the locations he reported to and clients he worked for.

50. Defendant determined the tools and materials used by Plaintiff at job sites.

51. Defendant determined the scope of work, sequence of work and the job duties to be performed for each job.

52. Defendant determined the method and amount of payment made to Plaintiff for his work.

53. Defendant prohibited Plaintiff from working on other jobs while working on jobs for Defendant.

54. Even though Plaintiff often worked away from Defendant's office without the presence of a supervisor, Defendant still controlled all aspects of Plaintiff's job activities by enforcing mandatory compliance with its policies and procedures.

Relative Investment

55. Defendant provided Plaintiff with a company computer and complete lab that Plaintiff used to perform his job duties.

56. More often than not, Plaintiff used Defendant's equipment or equipment provided by the operator to perform his job duties.

57. While Defendant may have required Plaintiff to drive his personal vehicle to job sites, no real investment was required to do this.

### Opportunity for Profit & Loss

58. Defendant set Plaintiff's rate of pay, set his work schedule, reimbursed Plaintiff for expenses, and prohibited him from working other jobs for other companies while working jobs for Defendant.

### Skill & Initiative

59. Plaintiff possesses no skill or initiative as an independent contractor that differs from Mud Engineers classified by Defendant as W-2 employees:[7] The fluid service work he performed as an independent contractor was routine work for Defendant whose entire business consists of providing these fluid services and fluid products to customers.[8]

60. Defendant controlled all advertising for jobs, selected the customers Plaintiff worked for, and set the pricing for each job.

### Integral to Employer's Business

61. The fluid services provided by Plaintiff are obviously an integral part of Defendant's business: Defendant's entire business is proving drilling fluid services and products to customers at well sites.[9]

---

[7] See e.g. http://bit.ly/DFSpecialistW2 (Defendant's website containing job description for "Drilling Fluid Specialist" position);

[8] https://www.newpark.com/about/ ("Newpark Drilling Fluids provides value-added drilling fluids solutions, products and services to drilling operators around the world.") (last visited April 4, 2019).

[9] Dole v. Snell, 875 F.2d 802, 811 (10th Cir. 1989) ("Although the district court did not address this factor, the work performed by the decorators is obviously integral to the business of the

Permanency of Relationship

62.     Plaintiff was not employed by Defendant on a project-by-project basis: Plaintiff and other Mud Engineers classified as independent contractors often worked for Defendant for years at a time[10] and/or had their written contracts routinely renewed for extended periods of time.

### DEFENDANTS VIOLATED THE LAW AS PART OF A CONTINUING COURSE OF CONDUCT

63.     Defendant has subjected Mud Engineers classified as independent contractors to the OT Misclassification Policy since at least 2011; has been sued at least seven times by Mud Engineers classified as independent contractors for unpaid overtime since 2011; and continues to subject Mud Engineers performing overtime work in New Mexico to the OT Misclassification Policy that forms the basis of this Complaint.

64.     To this day, Defendant continues to violate the NMMWA by applying its OT Misclassification Policy to deny overtime to Mud Engineers classified as independent contractors for overtime work performed in New Mexico.

65.     Accordingly, this suit encompasses all of Defendant's violations of the NMMWA that occurred based on this "continuing course of conduct regardless of the date on which they occurred." N.M. Stat. Ann. § 50–5–32.

### CLASS ACTION ALLEGATIONS

---

Snells. The Snells, as indicated by the name of their company, 'Cakes by Karen,' are in the business of selling cakes which are custom decorated."

[10] For example, Plaintiff previously worked for Defendant for over a year, from 2011 to 2013, as Mud Engineer classified as an independent contractor.

66. Plaintiff brings his NMMWA claim as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

67. The class is defined as follows:

All individuals employed by Defendant as Mud Engineers who were classified as independent contractors that were paid on a day rate basis who worked over 40 hours in one or more workweeks since Defendant began paying Mud Engineer pursuant to the OT Misclassification Policy ("the Class").

68. Defendant maintained a single job description for Mud Engineers.

69. Defendant maintained a single job description for Mud Engineers classified as independent contractors.

70. Defendant maintained one or more job descriptions for Mud Engineers.

71. Defendant maintained one or more job descriptions for Mud Engineers classified as independent contractors.

72. Defendant has the names and addresses for the Class in its payroll or personnel records.

73. Defendant has the email addresses for the Class in its payroll or personnel records.

74. The Class was classified by Defendant as independent contractors and paid a day rate.

75. Defendant controlled all aspects of the class' job by determining the Class' hours and schedules worked; locations reported to and clients worked for; scope of work and job duties; tools and materials to be used; and method and amount to be paid.

76. Defendant provided the Class with a company computer and complete lab to perform their job duties and typically used Defendant's equipment or equipment provided by Operators at job sites.

77. Defendant set the Class's rate of pay, set his work schedule, reimbursed the Class for certain expenses, and prohibited him from working other jobs for other companies while working jobs for Defendant.

78. The Class possesses no skill or initiative as an independent contractor that differs from Mud Engineers classified by Defendant as W-2 employees: The fluid service work the Class performed as independent contractors was routine work for Defendant—a company's who entire business consists of selling these fluid services and products.[11]

79. The Class did not advertise, set the pricing or pick the customers they worked for at each job site.

80. The fluid services provided by the Class are obviously integral to Defendant's business: Defendant's entire business is proving drilling fluid services and products to customers at well sites.

81. The Class was not employed by Defendant on a project-by-project basis, but instead often worked for Defendant for years at a time and/or had their written contracts routinely renewed for extended periods of time.

82. The Class has more than 40 members.

---

[11] https://www.newpark.com/about/ ("Newpark Drilling Fluids provides value-added drilling fluids solutions, products and services to drilling operators around the world.") (last visited April 4, 2019).

83. As a result, the Class is so numerous that joinder of all members is not practical.

84. There are questions of law or fact common to the Class, including: (1) whether the Class was misclassified as independent contractors rather than employees; (2) (2) whether Defendants violated the NMMWA by refusing to pay the Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the Class as exempt from the overtime provisions of the NMMWA.

85. Plaintiff's overtime claims are typical of those of the Class because they arise out of Defendants' uniform compensation practices and arise under the same or similar agreement.

86. Defendants' defenses to Plaintiff's claims are typical of its defenses to those of the Class because they are grounded in the same compensation practices.

87. Plaintiff can fairly and adequately protect the interests of the Class because he is asserting the same claims as the Class.

88. Plaintiff can fairly and adequately protect the interests of the Class because he has no interests adverse to the Class.

89. Plaintiff can fairly and adequately protect the interests of the Class because he has retained counsel experienced in class action employment litigation.

90. The common questions of law and fact in this lawsuit predominate over the variations which may exist between members of the Class, if any.

91. Plaintiff and the members of the Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter of this lawsuit and remedy sought, namely back wages, interest, penalties, attorneys' fees, and costs.

92. If individual actions were required to be brought by each member of the Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants.

93. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

94. The books and records of Defendants are material to the Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

## COUNT I
### Violation of the New Mexico Minimum Wage Act
### Class Action

95. Plaintiff incorporates here the previous allegations of this Complaint.

96. This count arises from Defendants' violation of the NMMWA for its failure to pay Plaintiff and the Class overtime pay when they worked over 40 hours in individual workweeks.

97. Defendants classified Plaintiff as an independent contractor excluded from the NMMWA's overtime protections.

98. Defendants classified the Class as independent contractors excluded from the NMMWA's overtime protections.

99. Plaintiff was not an independent contractor and was eligible for overtime as a covered employee under the NMMWA.

100. The Class was not independent contractors and were eligible for overtime as covered employees under the NMMWA.

101. Plaintiff was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

102. The Class was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

103. Defendants violated the NMMWA by failing to pay Plaintiff and the Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

104. Defendants violated the NMMWA as part of a continued course of conduct as defined by the NMMWA in N.M. Stat. Ann. in § 50-4-19.

WHEREFORE, Plaintiff, on behalf of himself and the Class, seeks a judgment against Defendants as follows:

A. All unpaid overtime wages due to Plaintiff and the Class accrued since Defendant initiated its illegal OT Misclassification Policy;

B. Treble damages equal to double the unpaid overtime compensation due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other relief as this Court deems appropriate.

Respectfully submitted,

*/s/ Jack Siegel*
JACK SIEGEL
Texas Bar No. 24070621
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
E: Jack@siegellawgroup.biz
P: (214) 790-4454
www.4overtimelawyer.com

TRAVIS M. HEDGPETH*
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
5438 Rutherglenn Drive
Houston, Texas 77096
P: (512) 417-5716
travis@hedgpethlaw.com

*Application for admission pro hac vice forthcoming*

**ATTORNEYS FOR PLAINTIFF**