IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM A GOLDSBOROUGH,

    Plaintiff,

v.                                                                                       Civ. No. 19-309 MV/GBW

NEWPARK DRILLING FLUIDS, LLC,

    Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. On September 20, 2019, the Court issued an Initial Scheduling Order. *Doc. 21.* Pursuant to the order, counsel for the parties were required to appear by phone for the conference on November 5, 2019 at 2:00 p.m. and were provided the telephone number for the Court's teleconference line. Mr. Jack Siegel, attorney for Plaintiff Goldsborough, failed to appear at the conference at the appointed time. The Court waited several minutes and attempted to contact Mr. Siegel by telephone. Due to Mr. Siegel's failure to appear, the Court then cancelled the hearing.

The Court has the inherent power to sanction parties for litigation activities undertaken in bad faith in order to "maintain[ ] the authority and dignity of the court." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citation and quotation omitted).

Further, the Court may assess sanctions under its inherent power where an attorney willfully disobeys a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).

Wherefore, IT IS HEREBY ORDERED that Mr. Siegel show cause in writing why the Court should not assess sanctions against him no later than **November 12, 2019**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE